# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHARLES EDWARD GENSEMER,

    Defendant.

Case No. CR-S-2:07-CR-00145-KJD-PAL

**ORDER**

Before the Court is Defendants Michael Wayne Yost, Charles Gensemer, James Milton Wallis, Robert Young, and Kenneth Russell Krum's Amended Motion for New Trial (#1355). The Government has filed an opposition (#1362) and Defendants filed a reply (#1365).

<u>I. Background</u>

Defendants were convicted by a federal jury on July 6, 2009. The jury found the Defendants were associated with the Aryan Warriors gang and were guilty on drug, assault, and racketeering conspiracy charges. Defendants filed this Motion on August 19, 2011, seeking a new trial based on

newly discovered evidence. Specifically, Defendants claim that Las Vegas Metropolitan Police Officer Brian Yant has since been shown to be a non-credible witness, that Nevada Department of Corrections Investigator William Reubart was addicted to prescription painkillers at the time he testified, and that a letter written by John Neff and used by the Government as evidence, "was patently false and fraudulent."

II. Discussion

Rule 33 of the Federal Rules of Criminal Procedure provides "upon defendant's motion the court may vacate any judgment and grant a new trial if the interest of justice so requires." In deciding a Rule 33 motion, a trial court has broad discretion. In United States v. Harrington, 410 F.3d 598, 601 (9th Cir. 2005), the Ninth Circuit set forth five factors that must be satisfied by a party seeking a new trial upon the basis of newly discovered evidence pursuant to Fed. R. Crim. P. 33(a). The party must show "(1) the evidence is newly discovered; (2) the defendant was diligent in seeking the evidence; (3) the evidence is material to the issues at trial; (4) the evidence is not (a) cumulative or (b) merely impeaching; and (5) the evidence indicates the defendant would probably be acquitted in a new trial." Id. (citing United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir. 1991). In rare cases, newly discovered impeachment evidence can merit a new trial if it (1) "so powerful that, if it were believed by the trier of fact, it could render the witness' testimony totally incredible," and (2) that "witness' testimony [was] uncorroborated and provided the only evidence of an essential element of the government case." U.S. v. Davis, 960 F.2d 820, 825 (9th Cir. 1992).

A. Officer Yant's Testimony

Defendants make a vague and unspecified claim that Officer Yant perjured himself during trial based on Defendants' conclusory assertion of Yant's supposed inclination "to falsify facts in affidavits for search warrants and to conduct investigations – he is known to lie, mislead, and even kill in order to protect an illegal investigation or search." (Motion at 3.) Defendants fail to point to any specific facts showing that Officer Yant was untruthful in connection with this matter. Officer Yant gave information to FBI Task Force Officer Michael Quick about Yant's traffic stop of Kory

2

Krossman as a portion of the basis for a search warrant Quick obtained for a residence where evidence was recovered. At trial, Defendants fully cross-examined Yant about the information he gave Officer Quick. Officer Yant's testimony about the association of the Defendants was supported by other witnesses and evidence. Defendants' accusations about Yant's, if true, would merely impeach Officer Yant. Such impeachment is an insufficient basis for a new trial. Harrington, 410 F.3d at 601.

Defendants rely on Mesarosh v. United States, 352 U.S. 1 (1956) to argue that this supposed new evidence does not merely impeach Officer Yant, but shows a "'poisoning of the reservoir' which affected the reliability of the verdict in this case." (Reply at 2.) However, the Court in Mesarosh made it very clear that a motion for a new trial "initiated by the defense, under Rule 33 of the Federal Rules of Criminal Procedure," asserting that a government witness had lied, "ordinarily will not support a motion for a new trial ...." Mesarosh, 352 U.S. at 9. In that case, the government, not the defendant, raised the issue.

Defendants further argue that they are entitled to Officer Yant's personnel file pursuant to Brady v. Maryland, 373 U.S. 83 (1963). Defendants cite no facts or authority showing that they should be given his file at this time.[1] The Government reviewed Officer Yant's file prior to trial and would have provided any impeachment evidence to counsel for the Defendants at that time. Defendants have made no showing that the outcome of the trial would probably be different if their alleged newly discovered evidence about Officer Yant was presented before the jury. Accordingly, Defendants have failed to show that they are entitled to a new trial based on newly discovered evidence about Officer Yant.

---

[1] Defendants also claim that the Government has acknowledged that Officer Yant "was dismissed from the Las Vegas Metropolitan Police Force for filing of false affidavits in multiple cases." (Reply at 2.) The Government made no such acknowledgment.

3

B. Agent Reubart's Testimony

Defendants argue that Agent Reubart, who testified in the Government's case in chief and rebuttal, was addicted to prescription painkillers. According to Defendants, this addiction may have "affected his testimony during trial." (Motion at 12.) Specifically, Defendants argue that if Ruebart's alleged drug habit had been brought up at trial, the jury "would have decided differently in determining the credibility of [Reubart's] testimony regarding ownership of a storage trailer falsely alleged to have been connected to Gensemer." (Id. at 12.) The only evidence Defendants provide of drug use by Agent Reubart is an unsigned and unfiled criminal complaint.

New evidence about prescription drug abuse by Agent Reubart would be merely impeaching and is not a basis for a new trial. Further, the only evidence cited by Defendants is Officer Ruebart's rebuttal testimony about ownership of the storage unit. This testimony would not be susceptible to impeachment since it was focused on a certified business record showing that Jessica Gonzales, Defendant Gensemer's girlfriend, rented the storage unit in question. Evidence at the storage unit connected to Gensemer included a methamphetamine lab and firearms. There is no indication that Gensemer would be acquitted had the rebuttal evidence of Agent Ruebart been impeached. Defendants have failed to show that a new trial is warranted based on alleged new evidence of drug use by Agent Ruebart.

C. John Neff Letter

Defendants claim that much of the Government's case demonstrating an organizational structure of the Aryan Warriors is based on correspondence and other writings including a letter allegedly written by John Neff (the "Neff Letter"). Defendants claim that many of these letters were admitted by self-authentication or on the basis that agents had "debriefed" the author of the particular letter to discuss the contents. Attached to the Motion is an affidavit by John Neff stating that he did not write the Neff Letter (#AW302500000397) and that he did not discuss this document with any of

the Government's witnesses.[2] Defendants claim that the Neff Letter was admitted as evidence and presented to the jury "to support the Government's claim of a criminal organization." (Motion at 11.)

Contrary to the assertion of Defendants, the Government never discussed or elicited testimony regarding the Neff Letter, the contents of the Neff Letter or the fact that Neff was allegedly debriefed. The Neff Letter itself was not introduced into evidence and the claim that Neff was debriefed was put forth by defense counsel in cross examination, and not part of the Government's case. Furthermore, the Neff Letter is not newly discovered evidence. The Government disclosed the letter during discovery and Defendants could have spoken to Neff prior to trial. There is no indication that Neff's testimony about the Neff Letter would probably result in Defendants being acquitted on any charge.

IV.  Conclusion

Defendants have failed to provide any evidence showing that a new trial is warranted pursuant to Fed. R. Crim. P. 33(a).

Accordingly, **IT IS HEREBY ORDERED THAT** Defendants Michael Wayne Yost, Charles Gensemer, James Milton Wallis, Robert Young, and Kenneth Russell Krum's Amended Motion for New Trial (#1355) is **DENIED**.

DATED this 15th day of February 2012.

_____
Kent J. Dawson
United States District Judge

---

[2] Document #AW302500000397 is an FBI 302 form that documents the FBI's receipt of the letter and sets forth its contents.